UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRAVIS T.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:26-CV-5206-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his applications for supplemental security income ("SSI") benefits.[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide a legally sufficient reason for finding Dr. James Raspanti, D.O.'s opinion partially persuasive. Had the ALJ properly considered Dr. Raspanti's opinion, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## I. Factual and Procedural History

On January 10, 2023, Plaintiff filed an application for SSI, alleging disability beginning October 13, 2022. *See* Dkt. 5, Administrative Record ("AR") 17. The application was denied on initial administrative review and reconsideration. *See* AR 17. A hearing was held before ALJ Mark Tripplett on April 23, 2025. *See* AR 37-65. The ALJ determined Plaintiff was not disabled. AR 17-32. The Appeals Council denied Plaintiff's administrative appeal, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6, 20 C.F.R. §§ 404.981, 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly weigh Dr. James Raspanti, D.O.'s medical opinion. Dkt. 8, p. 1. Plaintiff requests the Court remand this case for further administrative proceedings. *Id*.

## II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

**III. Discussion**

Plaintiff contends the ALJ erred in finding Dr. James Raspanti, D.O.'s medical opinion unpersuasive. Dkt. 8.

A. *Legal Standard*

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed his claim after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, ALJ's must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20 C.F.R. § 404.1520c(a), 416.920c(a). The two most important factors are the opinion's "supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2), 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

B. *Dr. Raspanti's Opinion*

Dr. Raspanti submitted a physical functional evaluation form regarding Plaintiff's ability to work on October 15, 2024. AR 1099. Dr. Raspanti stated Plaintiff had moderate limitations– meaning significant interference with the ability to perform basic work activities – in sitting, standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching due to his chronic deep vein thrombosis, Factor V Leiden deficiency, leg edema, and varicose veins, symptomatic right leg. AR 1098. Dr. Raspanti determined Plaintiff could perform medium work – meaning he was able to lift a maximum of 50 pounds and could frequently lift and/or carry up to 25 pounds. AR 1099. He opined Plaintiff could not stand or walk for more than one hour at a time. AR 1097-98.

C. *ALJ Decision and Analysis*

The ALJ found Dr. Raspanti's October 2024 opinion partially persuasive. AR 27. He stated in relevant part,

> [W]alking/standing only 1 hour at a time is not well supported. His physical examination report noted 2+ radial pulses, right lower extremity 1+ pitting edema, and a difference in calf measurement (42.5 cm on the right, 39 cm on the left) but otherwise no noted abnormalities. It also is not consistent with the longitudinal record, which does not show the level of swelling or walking issues after as a short period as the claimant suggests. The DDS opinion at the reconsideration also is more persuasive for the reasons discussed above. Based on such evidence, a restriction to light work and reduced postural activities and exposure to environmental facts as found in this decision is more appropriate. Accordingly, Dr. Raspanti's opinion is partially persuasive.

AR 27-28 (internal citations omitted).

Frist, the ALJ found that, while Plaintiff's physical examinations had abnormalities of radial pulses, pitting edema and a difference in calf measurements, his physical examinations had no other abnormalities. AR 27-28. The ALJ did not provide an explanation for why those physical examination abnormalities were inconsistent with Dr. Raspanti's opinion that Plaintiff

could not stand/walk for more than 1 hour at a time. Without an explanation regarding why those physical limitations were not sufficient to support Dr. Raspanti's opinion, the Court cannot determine if the ALJ's first reason is legally sufficient. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Second, the ALJ determined Dr. Raspanti's opinion regarding Plaintiff's standing and walking limitations was not supported by the longitudinal record. AR 28. The ALJ cited to records showing: (1) Plaintiff was treated for an abscess on his left buttocks (AR 964); (2) he was treated for a follow-up after presenting to the emergency department complaining of lower right leg swelling and shortness of breath; his physical exam showed good range of motion in his extremities but 1+ pitting edema from knee to foot (AR 981; *see also* AR 979); and (3) Olympic Sport and Spine contact information for what appears to be a referral for massage therapy for Plaintiff's back (AR 1155; *see also* AR 1154). The ALJ also cited a consultative examination report. AR 1038-49. That report states Plaintiff was able to walk approximately 60 feet one-way without difficulty. AR 1043. However, it is unclear how this report shows longitudinal records that discount Dr. Raspanti's opinion. For example, the report does not appear to include a longitudinal history of Plaintiff's treatment or symptoms. *See* AR 1038-49. Further, the report opines that Plaintiff should be restricted to standing and walking one hour or less in an eight-hour workday because of his lower extremity condition. AR 1045. Thus, this report appears to support Dr. Raspanti's opinion, not contradict it. As the records cited by the ALJ do not show Dr. Raspanti's opinion is inconsistent with the longitudinal record, the ALJ's second reason for finding Dr. Raspanti's opinion partially persuasive is not sufficient.

Third, the ALJ found Dr. Raspanti's opinion partially persuasive because "the DDS opinion at the reconsideration . . . is more persuasive for the reasons discussed above." AR 28. "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). When an ALJ rejects a medical opinion, it is insufficient to simply assert that another medical opinion is more persuasive. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive."). The ALJ's decision to state that another opinion is more persuasive is merely a conclusion. This is not sufficient to meet the ALJ's burden for articulating why the DDS opinion is more persuasive than Dr. Raspanti's opinion. Therefore, the ALJ's third reason for finding Dr. Raspanti's opinion partially persuasive is not legally sufficient.

For the above stated reasons, the ALJ failed to provide a legally sufficient reason for finding Dr. Raspanti's opinion only partially persuasive. Therefore, the ALJ erred.

D. *Harmless Error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173

(9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Had the ALJ properly considered Dr. Raspanti's opinion, he may have included additional limitations in the RFC. For example, the RFC does not include limitations in standing/walking, yet Dr. Raspanti opined that Plaintiff could only stand/walk for an hour per day. *See* AR 22, 1098. The ultimate disability determination may have changed if Dr. Raspanti's opined limitations were included in the RFC and considered throughout the remaining steps of the sequential evaluation process. Accordingly, the ALJ's error is not harmless and requires reversal.

**IV. Conclusion**

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, the Commissioner's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 7th day of August, 2026.

David W. Christel
United States Magistrate Judge